# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE DOTSON, | ) | CASE NO. 1:09CV1936; 1:07CR234 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **OPINION AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

On December 9, 2009, the Court denied Petitioner Antoine Dotson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 49.) Furthermore, this Court certified that, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from that decision could not be taken in good faith and that there was no basis upon which to issue a certificate of appealability under 28 U.S.C. § 2253(c) and FED. R. APP. P. 22(b).

On January 5, 2010, the Court received a letter, postmarked December 29, 2009, from Dotson that implores this Court to order an evidentiary hearing ordering the government to provide physical evidence to support the charges against Dotson. (Doc. No. 51.) Dotson also reasserts his belief that the involvement of "rogue DEA agent Lee Lucus [sic]" in this case justifies his release from prison. Though not specifically styled as such, it is apparent Dotson's letter requests this Court to reconsider its December 9 denial of his § 2255 petition, and the Court will treat the letter as a motion to reconsider.

While a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations. *Nat'l Union Fire Ins. Co.*

*v. Continental Illinois Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)). Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Kern-Tulare Water Dist. V. Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part, rev'd in part*, 828 F.2d 514 (9th Cir. 1987), *cert denied*, 486 U.S. 1015 (1988). However, the motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior decision. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings. *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D.Del. 1991) (citing *Brambles U.S.A., Inc. v. Blocker*, 735 F. Supp. 1239 (D. Del. 1990)).

In this case, Dotson has presented no reason for this Court to reconsider its previous ruling. Accordingly, his motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 6, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**