**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07CR234 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| ANTOINE DOTSON, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is Defendant Antoine Dotson's ("Defendant")'s Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 58.) The United States of America ("the Government") responded in opposition to Defendant's motion. (Doc. No. 60.) For the reasons set forth below, Defendant's motion is **DENIED**.

## I. BACKGROUND

Defendant moves this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 750 to U.S.S.G. §2D1.1 of the U.S. Sentencing Guidelines Manual, and the U.S. Sentencing Commission's decision to retroactively apply Amendment 750 to certain offense levels for the illegal possession of crack cocaine. The Government responds that Defendant's sentence should not be reduced since Defendant was not sentenced based on § 2D1.1 but on the applicable statutory mandatory minimum.

On July 5, 2007, Defendant pled guilty to one count of possession with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2) and to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 4). There is no dispute that based on the initial advisory guideline calculations,

Defendant had a total adjusted offense level of 25[1] and a Criminal History Category of III. (Doc. No. 58 at 243; Doc. No. 60 at 249.) The initial analysis resulted in an advisory guideline sentence range of 70 to 87 months. (*Id*.) However, the Defendant was subject to a mandatory minimum term of 120 months imprisonment. Accordingly, because the mandatory minimum sentence exceeded the maximum of the Guideline range, the Court imposed a sentence of 120 months imprisonment. (Doc. No. 32.)

Defendant asks this Court to reduce his sentence based on 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 750 to U.S.S.G. §2D1.1, which lowered the offense level for illegal possession of crack cocaine by two levels. Defendant's motion asserts that he is entitled to a sentence reduction pursuant to the Fair Sentencing Act of 2010 ("FSA"), arguing that the enactment of the FSA is remedial in nature and meant to correct, "the draconian sentences imposed upon low-level non-violent defendants such as Dotson." (Doc. No. 58 at 224.) Defendant asserts that pursuant to amended guidelines and the FSA, and absent any enhancements,[2] he should have faced a mandatory minimum of 60 months.

**II.    DISCUSSION**

**A. Statutory Background**

A district court may resentence a defendant only as expressly provided by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Congress allows a district court to modify a term of imprisonment under 18 U.S.C. § 3582(c) when the defendant "has been

---

[1] The defendant was subject to a base offense level 26 because his offense involved at least 5 grams but less than 20 grams of cocaine base. (Sentencing Tr. at 4-5 [Doc. No. 40 at 169-70].) A two-level enhancement was applied under U.S.S.G. §2D1.1(b)(1) because a handgun was found in Defendant's possession. (*Id*.) Following a three-level reduction for acceptance of responsibility, the defendant was at a total offense level 25. (Sentencing Tr. at 6 [Doc. No. 40 at 171].)

[2] Dotson contends that the two-level enhancement applied by the Court under U.S.S.G. §2D1.1(b)(1) has prevented him from participating in rehabilitative programs.

2

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582(c) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

On June 30, 2011, the Sentencing Commission adopted Amendment 750 to the Drug Quantity Table in U.S.S.G. §2D1.1, which altered the offense levels applicable to crack cocaine offenses. U.S.S.G §1B1.10 was subsequently revised on November 1, 2011 to reiterate the limit on relief available under 18 U.S.C. § 3582(c). Specifically, Application Note 1(A) states that a reduction under § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. §1B1.10 cmt. n.1 (2011). The Commission then added Amendment 750 to the list of amendments in U.S.S.G. §1B1.10(c) that will be applied retroactively, effective as of November 1, 2011.

In this case, the Court must determine whether Defendant's sentence was based on a sentencing range that has subsequently been modified by Amendment 750 and whether the proposed reduction is consistent with the Commission's guidelines and policy statements.

**B. Analysis**

As a matter of law, Amendment 750 has no effect on the statutory mandatory minimum applicable to Defendant. At sentencing, the defendant faced a statutory mandatory minimum sentence of 120 months. This Court imposed a sentence of 120 months, the mandatory minimum sentence.[3]

---

[3] The Court recognizes that the Fair Sentencing Act of 2010 ("FSA") lowered the statutory mandatory minimum penalty for various crack cocaine offenses. That reduction, however, only applies to defendants sentenced on or after

3

The Sentencing Commission has no authority to alter statutory mandatory minimum penalties. *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010). "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum shall be the guideline range." U.S.S.G. § 5G1.1(b). Further, §§ 3582(c)(2) and 1B1.10 do not permit a defendant seeking relief pursuant to a retroactive amendment to be placed in a better position than he would have been in had the crack amendment been in place at the time of the original sentencing. *United States v. Johnson*, 564 F.3d 419, 423-24 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009); U.S.S.G. §1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . .(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

Here, even if Amendment 750 had been in effect at the time of Defendant's sentencing the starting point for Defendant's sentence would still have been the mandatory minimum, which remains greater than the maximum amended guideline range. *See e.g., United States v. McPherson*, 629 F.3d 609, 610 (6th Cir. 2011) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *United States v. Green*, 532 F.3d 538, 546 n. 8 (6th Cir. 2008) (retroactive amendment "cannot override any mandatory statutory minimum

---

August 3, 2010, the date of enactment. See *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *Dorsey v. United States*, 132 S. Ct. 2321 (2012). Courts addressing Amendment 750 to the Sentencing Guidelines uniformly agree that the mandatory minimum provisions remain applicable to defendants, such as Dotson, who were originally sentenced *before* August 3, 2010, such that the new mandatory minimum provisions of the FSA are inapplicable when determining a defendant's eligibility for a sentencing reduction under § 3582(c)(2). *See e.g., United States v. Ortiz-Vega*, 847 F. Supp. 2d 706 (E.D. Pa. 2012) (denying reduction under Amendment 750 where defendant was sentenced to mandatory minimum); *see also* Government's Response in Opposition to Defendant's Motion for Sentence Reduction, Doc. No. 60 at 254-55 (collecting cases).

sentences set forth by Congress"). Accordingly, this Court lacks jurisdiction under § 3582(c)(2) to modify Defendant's sentence, and his motion is **DENIED**.

      **IT IS SO ORDERED**.

Dated: November 8, 2012

                                  **HONORABLE SARA LIOI**
                                  **UNITED STATES DISTRICT JUDGE**